**Lois C. STAMBAUGH, on Behalf of Charles R. STAMBAUGH, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Department of Health and Human Services, Defendant–Appellee.**

No. 90–1193.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 14, 1991.*

Decided April 1, 1991.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a),

Thomas M. Henry, Peoria, Ill., for plaintiff–appellant.

Robert C. Stephens, John L. Martin, Department of Health and Human Services, Region V, Office of the General Counsel, Chicago, Ill., K. Tate Chambers, Asst. U.S. Atty., Office of the U.S. Atty., Peoria, Ill., for defendant-appellee.

Before BAUER, Chief Circuit Judge, CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

I.

Charles R. Stambaugh filed a claim for disability insurance benefits on September 30, 1986.[1] Stambaugh alleged that beginning September 26, 1986, he experienced disabling back problems and leg numbness that prevented him from working. A hearing was held before an Administrative Law Judge (ALJ).[2] There was also evidence of

Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

1. Stambaugh died on November 20, 1987. His wife, Lois Stambaugh, is the successor in interest in this suit. Lois Stambaugh will be referred to as "appellant" in this opinion.

2. The ALJ bypassed deciding whether the impairments were severe under 20 C.F.R. § 404.1520(c) as mandated by this court's decision in *Johnson v. Heckler,* 769 F.2d 1202, 1212–13 (7th Cir.1985), vacated, however 482 *U.S.* 922, 107 S.Ct. 3202, 96 L.Ed.2d 690 (1987).

claimant's alcoholism. The ALJ determined that Stambaugh was not entitled to disability benefits because claimant's degenerative joint disease and chronic lower back syndrome did not meet the requirements of a listed impairment and his alcoholism did not amount to a listed impairment because of lack of behavioral changes or physical changes associated with regular use of alcohol, and because his impairments did not prevent him from performing his past relevant work as a sign holder for a blacktop company.[3]

The appellant requested review arguing that the physical impairments did constitute a disability and noting that Stambaugh had committed suicide subsequent to the ALJ's determination.[4] The Appeals Council denied Stambaugh's request for review, finding no basis for changing the ALJ's decision. After the Appeals Council declined review, appellant retained new counsel, who noted the substantial references to Stambaugh's alcoholism in the administrative record. Appellant then requested the Appeals Council to re-open the case based on the ALJ's failure to order a psychiatric evaluation to determine whether Stambaugh's alcoholism constituted a mental impairment. Counsel argued that Stambaugh's alcoholism created non-exertional limitations and contributed to Stambaugh's disability. The Appeals Council declined to re-open the case for review, but granted an extension of the time necessary to file a request for review in the district court.

Stambaugh filed suit in the district court seeking reversal of the ALJ's decision. The district court granted summary judg-ment to the Secretary. The court concluded there was evidence to support the ALJ's findings that Stambaugh's back problems did not meet the listing for disorder of the spine and that Stambaugh was able to perform his past relevant work. The court also rejected appellant's challenge to the ALJ's treatment of evidence concerning alcoholism, noting the lack of evidence that claimant was unable to control his drinking, no indication of impairment resulting from alcoholism, and no evidence contrary to the finding that claimant was suffering only from "after effects of alcoholism." This timely appeal followed.

On appeal, the appellant does not challenge the ALJ's determination that Stambaugh's physical ailments, standing alone, did not constitute a disability. Instead, the appellant complains that the ALJ erred by not ordering a psychological/psychiatric evaluation and expert medical evidence concerning the effects of Stambaugh's alcoholism. The appellant contends that such evaluations were necessary before the ALJ could make determinations of no disability and of Stambaugh's mental capacity to perform past relevant work. Appellant also contends that the Appeals Council erred by failing to consider evidence of Stambaugh's suicide as proof of mental impairment.

## II.

In addition to a litany of physical ailments, Stambaugh was a chronic alcoholic. Medical records submitted to demonstrate Stambaugh's physical limitations show that Stambaugh had a history of alcohol-related diseases.[5] These records show the follow-

---

3. Appellant contends that Stambaugh's past relevant work was as a truck driver. However, the record clearly reflects that the ALJ considered Stambaugh's past relevant work to be that of a sign holder.

4. Stambaugh died within seven weeks of the ALJ's decision and five months of the hearing. The appellant submitted new evidence to the Appeals Council which consisted of Stambaugh's death certificate and two newspaper articles reporting Stambaugh's death. The death certificate noted that there was an inquest pending into the death. One of the newspaper columns reported that Stambaugh died in his home "of an apparently self-inflicted gunshot wound to the chest."

5. It appears that district court record may not contain complete medical documentation of Stambaugh's alcoholism. The district court record contains Stambaugh's complete history of treatment at only one hospital. On close reading of these records, we have discovered notations which suggest that Stambaugh may have received treatment for alcoholism at other institutions. However, these medical records were not submitted to the ALJ. There are medical records from other treatment facilities; however, only the portions of those records

ing hospital admissions: September 25–28, 1972, automobile accident in which Stambaugh "at least ha[d] been drinking and may be intoxicated"; October 15–25, 1973, inpatient treatment for alcoholism; May 5, 1974, Stambaugh was "acutely intoxicated" when treated for injuries sustained in a fight; February 7–21, 1976, acute pancreatitis, gastritis, duodenitis, probable duodenal spasm and upper respiratory infection following a "recent episode of drinking"; January 19, 1977, drug ingestion; July 14–28, 1977, acute pancreatitis and nonfunctioning gallbladder resulting from "drinking for one straight week without eating"; September 6–12, 1977, cholecystectomy, noting chronic alcoholism; April 21–25, 1987, GI bleeding, hemocult positive, notes heavy drinking. In short, the medical records alone report a history of chronic alcoholism.[6] In addition, Stambaugh testified at the hearing that he had trouble eating and sleeping, little social interaction and a marked weight loss. A review of the regulations governing substance abuse shows that these symptoms may be indicative of a mental disorder due to substance abuse. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, Sections 12.00–12.09. Finally, as already noted, the Appeals Council had before it the additional evidence that Stambaugh committed suicide shortly after the ALJ's decision.

In January, 1987, Stambaugh had, however, started to attend Alcoholics Anonymous (AA) meetings. He testified at the hearing that he had been sober for the previous eight months.

### III.

When evidence of alcoholism is presented in the administrative hearing, the ALJ is required to inquire into the present status and possible effects of that alcoholism even though a claimant may fail to raise the issue or present evidence of alcoholism as a disability. *Cannon v. Harris,* 651 F.2d 513, 519 (7th Cir.1981).

> [Because] alcoholism is classified as a mental impairment (*see* 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 12.-09), the ALJ should have evaluated the effects of his alcoholism on his ability to work according to the special procedures set out in the regulations.

*Ray v. Bowen,* 843 F.2d 998, 1000 (7th Cir.1988). "Psychological problems are non-exertional impairments which must be included in the Secretary's evaluation of a claimant's limitation." *Walker v. Bowen,* 834 F.2d 635, 642 (7th Cir.1987).

Congress has laid the foundation for making disability determinations when mental impairments are involved. 42 U.S.C. § 421(h) provides:

> An initial determination under subsection (a), (c), (g), or (i) of this section that an individual is not under a disability, in any case where there is evidence which indicates the existence of a mental impairment, shall be made only if the Secretary has made every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.[7]

20 C.F.R. § 404.1520a explains the special procedure to be followed at each level of review when determining whether a mental impairment exists and evaluating the severity of a mental impairment. This regulation requires the completion of "a standard document outlining the steps of this procedure." 20 C.F.R. § 404.1520a(d). The regulation further requires the standard doc-

---

which discuss Stambaugh's back problems were submitted to the ALJ.

**6.** The evidence documenting Stambaugh's alcoholism was first presented to the administrative law judge. The initial determination was based solely on the report of one doctor, Dr. Stanley Rabinowitz, to whom Stambaugh was sent for a consultative disability examination. Stambaugh requested reconsideration. In upholding the initial determination, the department con-

sidered the report of Stambaugh's physician in addition to the report supplied by Dr. Rabinowitz. No other medical evidence was submitted at the initial and reconsideration stages.

**7.** *See also* 20 C.F.R. § 404.1503(e); 20 C.F.R. § 404.1615(d). 20 C.F.R. § 404.1616 outlines the qualifications considered necessary for a psychologist to be a psychological consultant and § 404.1617 for an explanation of "reasonable effort."

ument to be completed and signed by a medical consultant at the initial and reconsideration levels, but provides other options at the administrative law judge hearing level.[8]

■ The ALJ found that Stambaugh's problems with alcohol did not constitute a mental impairment. However, the ALJ failed to complete and attach the standard document evaluating the mental impairment as required by 20 C.F.R. § 404.1520a. Although the regulations do not mandate a psychiatric or psychological evaluation of every alcoholic who claims a disability, the regulations do severely limit proceeding without a medical advisor and seem to presume that an ALJ has before him expert evaluation of the mental impairment. Where, as in this case, substantial evidence of chronic alcoholism is presented, *Ray v. Bowen*, 843 F.2d at 1006–76, surely holds that the claimant should have been given a psychological examination.

The ALJ found that the alcoholism did not constitute an impairment because Stambaugh was able to control his drinking through attendance at several AA meetings. The ALJ seemed to assume that if a chronic alcoholic can remain temporarily sober, any non-exertional impairments associated with the disease evaporate. However, the ALJ did not support this conclusion with reference to any expert evidence. In the absence of expert opinion, the ALJ should not have attempted to make a finding of whether or not the alcoholism was impairing Stambaugh's ability to work.

■ Similarly, the Appeals Council also neglected to complete the standard document. We recognize that the regulations only require the Appeals Council to do so when it issues a decision. However, the fact that the ALJ failed to complete the standard document, coupled with the new evidence of Stambaugh's suicide, surely required the Appeals Council to remand to the ALJ or to issue its own decision with the proper documentation on review.

The Secretary erred by making a determination that Stambaugh did not suffer from a mental or non-exertional impairment as a result of his alcoholism without completing the standard document required by the regulations. Of course, there can no longer be a psychological examination of Mr. Stambaugh. Perhaps the best that is now possible is for a psychiatrist or psychologist to consider all the relevant facts concerning Mr. Stambaugh now in the record or otherwise available, including the facts surrounding his death, and develop an opinion as to the probability that his alcoholism was an impairment sufficiently severe to result in disability, either alone or in combination with his other problems.

The decision of the district court is RE-VERSED and the district court is instructed to REMAND this case to the Secretary for further proceedings consistent with this opinion.

---

8. The pertinent part of 20 C.F.R. § 404.1520a provides:

(d) *Preparation of the document.* A standard document outlining the steps of this procedure must be completed by us in each case at the initial, reconsideration, administrative law judge hearing, and Appeals Council levels (when the Appeals Council issues a decision).

(1) At the initial and reconsideration levels the standard document must be completed and signed by our medical consultant. At the administrative law judge hearing level, several options are available:

(i) The administrative law judge may complete the document without the assistance of a medical advisor;

(ii) The administrative law judge may call a medical advisor for assistance in preparing the document; or

(iii) Where new evidence is received that is not merely cumulative of evidence already in your case file or where the issue of a mental impairment arises for the first time at the administrative law judge hearing level, the administrative law judge may decide to remand the case to the State agency for completion of the documentation and a new determination. Remand may also be made in situations where the services of a medical advisor are determined necessary but unavailable to the administrative law judge. In such circumstances, however, a remand may ordinarily be made only once.

(2) For all cases involving mental disorders at the administrative law judge hearing or Appeals Council levels, the standard document will be appended to the decision.